IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 16 PM 12: 14

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

TONY X. CARRUTHERS,

      Plaintiff,

vs.   No. 05-2242-B/P

WARDEN DAVID MILLS, et al.,

      Defendants.

---

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

      Plaintiff Tony X. Carruthers, Tennessee Department of Correction prisoner number 139604, an inmate at the West Tennessee State Penitentiary ("WTSP")[1] in Henning, Tennessee, filed a <u>pro se</u> complaint pursuant to 42 U.S.C. § 1983 on March 28, 2005, along with motions seeking appointment of counsel and a temporary restraining order and preliminary injunction. The Court issued an order on April 11, 2005 directing the plaintiff, within thirty (30) days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the full $250 civil

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

filing fee. Plaintiff submitted the required documentation on May 3, 2005. The Clerk shall record the defendants as WTSP Warden David Mills, Captain Latham, Captain Charles Sweat, Sergeant Kenny Boyd, Officer Michael Moore, and Officer Stanley Haislip.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay

---

[2]   Effective March 7, 2005, the civil filing fee increased to $250 from $150.

2

the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, she is ORDERED to notify the Court immediately of her change of address. If still confined she shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCDC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The plaintiff is a death row inmate who is currently housed at the WTSP during the pendency of proceedings on his postconviction petition in the Shelby County Criminal Court. The complaint alleges that he has been held in administrative segregation for nine years with only one hour each day for outside

recreation. The plaintiff allegedly has not received any disciplinary infraction since June of 2004, and he also asserts he is not a security risk to state employees or inmates. The plaintiff contends he arrived at the WTSP on January 28, 2005. Since that time, the plaintiff has rarely been permitted his one-hour recreation period, and the defendants have conspired to falsify records to state that the plaintiff has refused his exercise period. According to the plaintiff, he has been allowed out of his cell only six (6) of the forty-six (46) days he has been at the WTSP.

The plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an

affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

<u>Id.</u> at 642; <u>see also</u> <u>Boyd v. Corrections Corp. of Am.</u>, 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), <u>cert. denied</u>, 125 S. Ct. 1639 (2005); <u>Baxter v. Rose</u>, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a <u>sua sponte</u> dismissal); <u>Curry v. Scott</u>, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted

6

claims. Jones Bey v. Johnson, No. 03-2331, 2005 WL 1120283, at *3-*6 (6th Cir. Apr. 27, 2005) (to be published in the Federal Reporter).

In this case, Carruthers has not satisfied his burden of demonstrating that he exhausted his administrative remedies. As a preliminary matter, there is no indication that the plaintiff attempted to exhaust his claim that he is unconstitutionally confined in administrative segregation at the WTSP.[3] With respect to the denial of outside recreation, the complaint alleges that the plaintiff filed an emergency grievance on March 10, 2005. He has attached a copy of a grievance that he purportedly filed on March 10, 2005 against defendant Boyd concerning the denial of outside recreation. Nothing on the face of that document indicates that it was received by the appropriate grievance officer,[4] and the complaint is silent as to the resolution of the grievance. Instead, in response to the question concerning the resolution of his grievance, Carruthers stated "wanton disregard for a effective resolution to a problem that is clearly and unambiguously illegal, ar [sic] is clearly shown to be inadequate to prevent irreparable

---

[3] The plaintiff has submitted a grievance he purportedly filed on March 7, 2004, while he was incarcerated at another facility, as well as a copy of a complaint he filed in the United States District Court for the Eastern District of Tennessee on November 12, 2004 concerning his protracted confinement in administrative segregation. Given the relatively short duration of the plaintiff's stay at the WTSP, it is conceivable that the plaintiff does not intend to assert a claim concerning his placement in administrative segregation but, instead, offers that information by way of background only.

[4] Although the document includes a grievance number, that number, and the date on which the grievance were supposedly received, are in the plaintiff's distinctive handwriting.

injury." That general statement provides no specific information that would permit the Court to verify that the grievance process has been completed. Moreover, the other allegations in the complaint concerning the grievance are insufficient to demonstrate that the plaintiff properly exhausted his administrative remedies. The facts that the inmate may have sent a copy of the grievance to defendant Mills, that certain defendants attended a staff meeting on March 10, 2005, and that plaintiff submitted information requests or otherwise informally discussed the issue with various prison officials, have no bearing on the plaintiff's exhaustion of his administrative remedies.[5] The complaint also alleges that the plaintiff sent a copy of the grievance to defendant Latham, who is described as an administrative captain, and that Latham failed to respond. Even if it is assumed that Latham is the grievance officer, TDOC policy provides that an inmate may proceed to the next level of the grievance process if a response is not timely received. See TDOC, Administrative Policies and Procedures, Index No. 501.01, ¶¶ VI.C.1 ("There will be a seven (7) working day time limit at Level I, starting the day the grievance begins to be

---

[5] The Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison).

processed."), D ("If a time limit expires at any stage of the process without the required response, the grievant may move the grievance to the next stage of the process, unless the inmate agrees in writing to a fixed extension of the time limit for response.") (May 1, 2004). Finally, the complaint contains no indication that the plaintiff exhausted his claims against defendants Mills, Latham, Sweat, Moore, and Haislip, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489.[6] Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a). As the complaint is being dismissed, the motion for appointment of counsel is DENIED.

---

[6] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[7] In

---

[7]  Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:
(continued...)

10

McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 14th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

(...continued)
    Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:05-CV-02242 was distributed by fax, mail, or direct printing on June 20, 2005 to the parties listed.

---

Tony Von Carruthers
WEST TENNESSEE STATE PRISON
139604
480 Green Chapel Road Rt 2
P.O. Box 1150
Henning, TN 38041

Honorable J. Breen
US DISTRICT COURT